UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

3:10cr23-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CONSENT ORDER AND** |
| v. ) | **JUDGMENT OF FORFEITURE** |
| ) | |
| KEITH FRANKLIN SIMMONS, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the verdict/s of guilt, and finding that there is a substantial nexus between the property listed below and the offense/s of which the defendant has been found guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c):

2008 Lexus RX400H, VIN JTJHW31U082858912;

2004 Ford Explorer, VIN 1FMZU77K54UB10628;

2004 Jeep Grand Cherokee, VIN 1J4GW48S54C368926;

2006 Subaru Legacy, VIN: 4S3BL676164204935;

2005 Yamaha Rhino 660 4x4 all terrain vehicle;

Massey Ferguson tractor with mid-mount mower, frontloader, rototiller, rotary cutter, plow, and box blade;

Collectible coins and bills purchased by defendant for approximately $40,000.00;

Approximately thirty-five shares of Mixed Martial Arts Xtreme Fighting Promotions, Inc. DBA Xtreme Fighting Championships;

Approximately fifty-one shares of XF Corporation;

Real property at 522 South Main Street, Jefferson, North Carolina 28694, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 365, Page 1835;

Real property at 189 Wicker Street, West Jefferson, North Carolina 28694, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 376, Page 2447;

Real property at Lot 31, Candlelight Park, West Jefferson, North Carolina 28694, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 378, Page 162;

Real property at Lot 30, Candlelight Park, West Jefferson, North Carolina 28694, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 379, Page 1358;

Real property at Big Laurel Road, Creston, North Carolina 28615, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 379, Page 1536;

Real property at Buck Mountain Heights, West Jefferson, North Carolina 28694, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 380, Page 2111;

Real property at 19 East Ashe Street, West Jefferson, North Carolina 28694, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 381, Page 256;

Real property at the Township of Walnut Hill, Ashe County, North Carolina, further described as the Steven D. Lee property, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 382, Page 1422;

Real property at Rich Hill Road, Creston, North Carolina 28615, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 382, Page 2357;

Real property at 643 East Hidden Mountain Lane, Crumpler, North Carolina 28617, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 384, Page 365;

Real property at Lot 15, Candlelight Park, West Jefferson, North Carolina 28694, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 386, Page 2093;

Real property at 215 South Jefferson Avenue, West Jefferson, North Carolina 28694, further described as the Jefferson Station property, identified in a deed recorded in the Ashe County,

North Carolina Register of Deeds Office, Deed Book 386, Page 2465;

Real property at Jefferson Station, 215 South Jefferson Avenue, West Jefferson, North Carolina 28694, further described as Units 230, 231, and 232 of Jefferson Station Condominium, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 387, Page 27;

Real property adjoining Candlelight Park Subdivision, West Jefferson, North Carolina 28694, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 387, Page 806;

Real property adjoining Candlelight Park Subdivision, West Jefferson, North Carolina 28694, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 387, Page 809;

Real property off of Candle Street, West Jefferson, North Carolina 28694, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 387, Page 803;

Real property off of Candle Street, West Jefferson, North Carolina 28694, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 387, Page 800;

Real property in the vicinity of Candle Street, West Jefferson, North Carolina 28694, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 387, Page 932;

Real property at Roe-Land Estates Subdivision, Township of Helton, Ashe County, North Carolina, further described as Lots 25, 28, 29, and 30, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 389, Page 351;

$62,744.89 in funds derived from the sale of the real property at Ridgecrest Avenue, West Jefferson, North Carolina 28694, further described as Duplex 2A, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 389, Page 1537;

Real property at Jefferson Station, 215 South Jefferson Avenue, West Jefferson, North Carolina 28694, further described as Unit 216 of Jefferson Station Condominium, identified in a deed recorded in the Ashe County, North Carolina Register of Deeds Office, Deed Book 389, Page 2121; and

Any and all currency and monetary instruments that were received during, involved in, or used or intended to be used to facilitate the scheme alleged in the Bill of Indictment, including but not limited to the sum of approximately $40,850,071.14 in proceeds and funds involved in the alleged violations.

2. The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above specifically identified property;

3. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the specifically identified property, and shall publish notice of this forfeiture as required by law;

4. Any person, other than the defendant, asserting any legal interest in the specifically identified property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law. To the extent that this consent order constitutes a $40,850,071.14 forfeiture money judgment, this order is a final money judgment;

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
Benjamin Bain-Creed, Esq.
Assistant United States Attorney

_____
Keith Franklin Simmons
Defendant

_____
Claire Rauscher, Esq.
Attorney for Defendant

Signed this the 16th day of December, 2010.

_____
UNITED STATES District JUDGE